# IN THE SUPREME COURT OF TEXAS

════════════
No. 18-0734
════════════

IN THE INTEREST OF Z.M.M., A CHILD

════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS
════════════════════════════════════

**PER CURIAM**

In this parental termination case, the trial court terminated the father's parental rights under three grounds for termination specified in the Texas Family Code—section 161.001(b)(1)(D), (N), and (O). *See* TEX. FAM. CODE § 161.001(b)(1)(D), (N), (O). The father appealed, challenging the sufficiency of the evidence as to all three grounds, and the court of appeals affirmed the trial court's order for termination based only on section 161.001(b)(1)(O) because an appellate court need only uphold one ground for termination on appeal. ___ S.W.3d ___, ___ (Tex. App.—San Antonio 2018) (mem. op.); *see also* TEX. FAM. CODE § 161.001(b); TEX. R. APP. P. 47.1. The court of appeals also upheld the trial court's finding that termination of the father's parental rights was in the child's best interest. ___ S.W.3d at ___.

Parental rights may be terminated under section 161.001(b)(1)(D) if clear and convincing evidence supports a finding that the parent "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the

child." TEX. FAM. CODE § 161.001(b)(1)(D). Parental rights may be terminated under section 161.001(b)(1)(O) if clear and convincing evidence supports that the parent "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child." *Id.* § 161.001(b)(1)(O). Under section 161.001(b)(1)(M), a court may terminate parental rights if the parent previously "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state." *Id.* § 161.001(b)(1)(M). Because only one ground is required to terminate parental rights and section 161.001(b)(1)(D) has consequences for termination of parental rights as to children in a future proceeding under section 161.001(b)(1)(M), terminating parental rights under section 161.001(b)(1)(D) implicates significant due process concerns for a parent's care, custody, and control of his children. *See id.* § 161.001(b)(1)(D), (M); U.S. CONST. AMEND. XIV, § 1; TEX. CONST. art. I, § 19.

Further, under section 161.001(d),

A court may not order termination under Subsection (b)(1)(O) based on the failure by the parent to comply with a specific provision of a court order if a parent proves by a preponderance of evidence that:

(1) the parent was unable to comply with specific provisions of the court order; and

(2) the parent made a good faith effort to comply with the order and the failure to comply with the order is not attributable to any fault of the parent.

TEX. FAM. CODE § 161.001(d). In its order for termination, the trial court found that the father did not prove by a preponderance of evidence that he "was unable to comply with specific provisions

of a court order" and that he did not prove he "made a good faith effort to comply with the order and the failure to comply with the order [was] not attributable to any fault of the parent." *Id.* Although the father framed the issue in the court of appeals as sufficiency of the evidence to terminate his rights under section 161.001(b)(1)(O), the father's argument consisted of reasons why he could not comply with the order, asserting that it was not his fault he was unable to comply with the order despite his good faith effort. In this Court, the father asserts that section 161.001(d) should have precluded the trial court from terminating his rights under section 161.001(b)(1)(O).

The trial court's finding that section 161.001(d) did not preclude termination under section 161.001(b)(1)(O) and the father's arguments on appeal should have alerted the court of appeals to the father's arguments under section 161.001(d). Courts must broadly construe issues to reach all core and substantive questions such that the merits of an appeal are addressed when reasonably possible to provide the party with a meaningful appeal. *See Ditta v. Conte*, 298 S.W.3d 187, 189–90 (Tex. 2009); *In re S.K.A.*, 236 S.W.3d 875, 889–90 (Tex. App.—Texarkana 2007, pet. denied); *see also* TEX. R. APP. P. 38.9. In finding that the evidence was sufficient to terminate the father's parental rights under section 161.001(b)(1)(O) due to the father's failure to comply with the order, the court of appeals should also have reviewed the trial court's decision as to section 161.001(d) based on the father's arguments that he was unable to comply with the order despite a good faith effort. The court of appeals erred in failing to address section 161.001(d) as it related to termination of the father's parental rights under section 161.001(b)(1)(O), depriving the father of a meaningful appeal of all substantive issues.

In light of our holding in *In re N.G.*, ___ S.W.3d ___ (Tex. 2019) (per curiam)—in which we held that due process requires an appellate court to review and detail its analysis as to termination of parental rights under section 161.001(b)(1)(D) or (E) of the Family Code when challenged on appeal—we hold that the court of appeals erred in failing to address the father's challenge as to section 161.001(b)(1)(D), upholding the order for termination based only on section 161.001(b)(1)(O). We also hold that the court of appeals erred in failing to address the merits of section 161.001(d) as it relates to termination of the father's parental rights under section 161.001(b)(1)(O). Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the father's petition and remand the case to the court of appeals for further proceedings consistent with this opinion and our opinion in *In re N.G.*

OPINION DELIVERED: May 17, 2019