# IN THE SUPREME COURT OF TEXAS

═══════════

No. 19-0488

═══════════

IN THE INTEREST OF L.G., A CHILD

═══════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SIXTH DISTRICT OF TEXAS

═══════════════════════════════

**PER CURIAM**

In this case, we are asked to determine whether the trial court terminated the father's parental rights because of his indigence, in violation of his constitutional rights, and whether the court of appeals erred in failing to provide a detailed analysis of the trial court's findings that clear and convincing evidence supported parental termination under Texas Family Code section 161.001(b)(1)(D) and (E). We hold there is no error that warrants reversal as to the termination of the father's parental rights, but the court of appeals erred by not detailing its analysis as required by *In re N.G.*, 577 S.W.3d 230, 235–36 (Tex. 2019) (per curiam). Accordingly, we affirm in part and reverse in part the judgment of the court of appeals, and remand for further proceedings consistent with this opinion.

In this parental termination case, the trial court found clear and convincing evidence of grounds to terminate the father's parental rights under Texas Family Code section 161.001(b)(1)(D), (E), (F), (N), and (O), in addition to finding that termination was in the child's best interest. *See*

TEX. FAM. CODE § 161.001(b)(1)(D)–(F), (N), (O), (b)(2). On appeal, the father argued that: (1) the evidence was legally and factually insufficient to support the statutory grounds for termination and the best interest finding; and (2) the trial court violated his constitutional rights under the Equal Protection and Due Process Clauses of the United States Constitution and the Due Course of Law Clause of the Texas Constitution by using his indigence to terminate his parental rights under subsections (F), (N), and (O). ___ S.W.3d ___, ___ (Tex. App.—Texarkana 2019); *see* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. 1, § 19. The court of appeals affirmed the trial court's termination of the father's parental rights, holding sufficient evidence supported termination under section 161.001(b)(1)(O), that termination was in the child's best interest, and that the father failed to show that the trial court unconstitutionally terminated his parental rights under section 161.001(b)(1)(O). ___ S.W.3d at ___.

In this Court, the father asserts that the court of appeals erred in (1) rejecting his claim that the trial court's application of section 161.001 violated his constitutional rights because of his indigence; (2) failing to detail its analysis of the trial court's findings as to grounds (D) and (E) in violation of *In re N.G.*; and (3) failing to address whether the trial court's orders were properly specific.[1] *See N.G.*, 577 S.W.3d at 235–36.

First, the father argues that the termination of his parental rights under section 161.001(b)(1)(F), (N), and (O) was based on an unconstitutional application of section 161.001,

---

[1] Because the father raises the specificity issue for the first time in this Court, having failed to assert it in the court of appeals, we consider the issue waived and do not address it. *See Horizon Health Corp. v. Acadia Healthcare Co.*, 520 S.W.3d 848, 885 (Tex. 2017) (holding that a party waived issues "by not raising them in the court of appeals") (citing TEX. R. APP. P. 53.2(f), 55.2).

which failed to take into account the father's indigence.[2]  The court of appeals focused on whether the father failed to comply with a court-ordered plan to obtain the return of his child.[3]  ___ S.W.3d at ___ (analyzing TEX. FAM. CODE § 161.001(b)(1)(O)).  As the court of appeals noted, the trial court ordered the father to comply with a court order, including a Family Service Plan (FSP), after the child was removed from the home.  *Id.* at ___.  In his testimony regarding compliance with that court order, the father stated that other factors, apart from his income, prevented him from fully complying with that order.  The father admitted that he stopped attending his mandatory counseling sessions because he was angry at his counselor.  Even when he did attend scheduled counseling sessions, he sometimes refused to communicate.  Additionally, he failed to complete online assignments for his parenting class, even though he had access to the Internet.  And he had not communicated with the caseworker in over three months, despite having access to a phone.  The court of appeals affirmed the trial court's termination under section 161.001(b)(1)(O), holding that the father "failed to show that his poverty prevented him from completing the other services required of him under the court-ordered service plan."  *Id.* at ___.  Having reviewed the record and considered the arguments on appeal, we agree with the court of appeals and conclude that the father has not presented an error that warrants reversal as to termination of his rights to parent the child

---

[2] The Texas Department of Family and Protective Services does not contest the father's claim that he is indigent.

[3] In this Court, the father argues that the court of appeals erred in not addressing whether the father's indigence was the reason for his termination under section 161.001(b)(1)(F) and (N), in addition to section 161.001(b)(1)(O). However, the court of appeals addressed only a single statutory ground in upholding the termination. *See* TEX. R. APP. P. 47.1.  As to the father's claim that the trial court's application of section 161.001 violates the United States and Texas constitutions because it punishes him for being indigent, "we limit our review to the holding of the court of appeals" and do not address the termination of parental rights based on section 161.001(b)(1)(F) or (N). *Delaney v. Univ. of Hous.*, 835 S.W.2d 56, 59 (Tex. 1992).

3

at issue in this proceeding. We therefore affirm the court of appeals' judgment as to the termination of the father's parental rights.

Next, we turn to the father's second issue: that the court of appeals erred in not detailing its analysis of whether legally and factually sufficient evidence supports termination of parental rights under section 161.001(b)(1)(D) and (E). In *In re N.G.*, we held that when a trial court terminates parental rights under section 161.001(b)(1)(D) or (E) and the parent challenges that finding on appeal, due process requires that the appellate court review the challenged finding and detail its analysis. 577 S.W.3d at 235–36. This is because under section 161.001(b)(1)(M), a trial court may terminate a parent's rights to another child if, in addition to a best interest finding, there was a finding that the parent violated section 161.001(b)(1)(D) or (E). TEX. FAM. CODE § 161.001(b)(1)(M), (b)(2).

The trial court found that clear and convincing evidence supported termination of the father's parental rights under section 161.001(b)(1)(D) and (E), among other grounds. In the court of appeals, the father challenged each of the statutory grounds upon which the trial court terminated his rights, including the findings under section 161.001(b)(1)(D) and (E). The court of appeals affirmed the trial court's termination under section 161.001(b)(1)(O) without detailing its analysis of the findings of violations of section 161.001(b)(1)(D) and (E). ___ S.W.3d at ___. Consistent with *In re N.G.*, 577 S.W.3d at 235–36, we conclude that the court of appeals erred in failing to detail its analysis of the challenged findings under section 161.001(b)(1)(D) and (E). *See In re Z.M.M.*, 577 S.W.3d 541, 543 (Tex. 2019) (per curiam).

4

Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the father's petition, affirm in part and reverse in part the court of appeals' judgment, and remand the case to the court of appeals for further proceedings consistent with this opinion.

OPINION DELIVERED: March 13, 2020