

# IN THE
# TENTH COURT OF APPEALS

─────────────

## No. 10-21-00001-CV

## IN THE INTEREST OF G.A., A CHILD

─────────────

### From the 52nd District Court
### Coryell County, Texas
### Trial Court No. DC-18-49129

---

## MEMORANDUM OPINION

---

Paula S. appeals from a judgment that terminated her parental rights to her child,

G.A. *See* TEX. FAM. CODE ANN. §161.001. In three issues, Paula complains that the evidence

was legally and factually insufficient for the trial court to have found that she committed

the predicate acts in Family Code Sections 161.001(b)(1)(N), (O), and 161.003. Because we

find that the evidence was sufficient to support the trial court's findings pursuant to

Section 161.001(b)(1)(O) because she did not prove the affirmative defense to Section

161.001(b)(1)(O) set forth in Section 161.001(d) by a preponderance of the evidence, we

affirm the judgment of the trial court.[1]

STANDARD OF REVIEW

The standards of review for legal and factual sufficiency in termination cases are well established. *In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002) (legal sufficiency); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency). In reviewing the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the finding to determine whether a trier of fact could reasonably have formed a firm belief or conviction about the truth of the Department's allegations. *In re J.L.*, 163 S.W.3d 79, 84-85 (Tex. 2005); *J.F.C.*, 96 S.W.3d at 265-66. We do not, however, disregard undisputed evidence that does not support the finding. *J.F.C.*, 96 S.W.3d at 266. In reviewing the factual sufficiency of the evidence, we must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id.* We must consider the disputed evidence and determine whether a reasonable factfinder could have resolved that evidence in favor of the finding. *Id.* If the disputed evidence is so significant that a factfinder could not reasonably have formed a firm belief or conviction, the evidence is factually insufficient. *Id.* If the evidence is sufficient as to one ground, it is not necessary to address the other predicate grounds because sufficient evidence as to only one ground in addition to the best interest finding is necessary to affirm a termination judgment. *In*

---

[1] The background facts surrounding the initial removal of the child or evidence relating to the best interest of the child are not relevant to the issues as presented by Paula in this appeal, therefore we will not discuss them in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

*re N.G.*, 577 S.W.3d 230, 232-33 (Tex. 2019).[2]

## FAMILY CODE SECTION 161.001(b)(1)(O)

In her second issue, Paula contends that the trial court erred in terminating her parental rights pursuant to Section 161.001(b)(1)(O) by finding that she did not establish the affirmative defense to failing to complete her court-ordered family service plan as provided for in Family Code subsection 161.001(d) by a preponderance of the evidence because the failure to complete the service plan was not her fault.

In order to terminate parental rights under section 161.001(b)(1)(O): "(1) the parent must have failed to comply with the provisions of a court order, which (2) specifically established the actions necessary for the parent to receive custody of the child from the Department, which serves as the permanent or temporary conservator of the child." *In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (*citing* TEX. FAM. CODE ANN. § 161.001(b)(1)(O)). Also known as a service plan, "[a] trial court order referenced by section 161.001(b)(1)(O) is a mandate or directive that establishes some steps or actions necessary for the parent to obtain return of the child who is in the Department's custody." *Id*. at 238. Section 161.001(b)(1)(O) looks only to a parent's failure to comply with a court order, without reference to the quantity of failure or the degree of a parent's compliance. *In re D.N.*, 405 S.W.3d 863, 877 (Tex. App.—Amarillo 2013, no pet.).

---

[2] Because Paula did not challenge the sufficiency of the evidence regarding the finding that termination was in the best interest of the child, we will only address one predicate ground.

In this case, Paula does not dispute that she failed to fully comply with all of the terms of her service plan. Instead, she argues that the trial court erred by finding that she did not prove that she made a good faith effort but was unable to fully comply due to no fault of her own as set forth in Section 161.001(d) of the Texas Family Code, which provides:

> A court may not order termination under Subsection (b)(1)(O) based on the failure by the parent to comply with a specific provision of a court order if a parent proves by a preponderance of evidence that:
>
> (1) the parent was unable to comply with specific provisions of the court order; and
>
> (2) the parent made a good faith effort to comply with the order and the failure to comply with the order is not attributable to any fault of the parent.

TEX. FAM. CODE ANN. § 161.001(d); *see also In re Z.M.M.*, 577 S.W.3d 541, 542 (Tex. 2019). Section 161.001(d) places the burden of proof on the parent. *See* TEX. FAM. CODE ANN. § 161.001(d).

The Department argues Paula has failed to preserve this issue for our consideration because Paula failed to specifically plead Section 161.001(d) as an affirmative defense as required pursuant to Texas Rule of Civil Procedure 94. *See* TEX. R. CIV. P. 94. The Department also contends that even if the affirmative defense had been asserted in her pleadings, Paula failed to meet her burden.

Paula concedes that she was ordered to attend and successfully complete individual and family counseling and protective parenting and that she was

unsuccessfully discharged from each. Paula also concedes that she was discharged by two therapists due to her minimization of the domestic violence issues in her home and her alleged mental health issues. Paula argues that "the Department did not attempt to find a counselor qualified that could meet [Paula's] therapeutic needs." However, Paula also denied that she had any mental health issues that required therapeutic intervention at all and provided documentation that she was denied assistance from MHMR because she did not qualify for services with them. The therapists had terminated services with Paula because she refused to acknowledge that there were any issues to address, not because they were unable to "meet [her] therapeutic needs." She does not address how her failure to address the domestic violence issues which had led to her child's initial removal from her possession or her refusal to address the reasons that the caseworker for the Department, the psychologist who performed the psychological evaluation, and the two therapists who opined that Paula was not an appropriate parent was "not attributable to *any* fault" of hers. *See* Tex. Fam. Code Ann. § 161.001(d)(2) (emphasis added).

Even if we assume without deciding that Paula did not waive the section 161.001(d) affirmative defense for failure to specifically plead it, we conclude she failed to meet her burden of proof to establish it. Deferring to the trial court's role as factfinder and judge of the credibility of the witnesses and the weight to be given to their testimony, we cannot say that the trial court erred in concluding that Paula failed to prove by a preponderance of the evidence that her failure to comply with the service plan as ordered

by the trial court was not attributable to *any* fault of her own. *See* TEX. FAM. CODE ANN. § 161.001(d)(2) (emphasis added). We conclude that the evidence is legally and factually sufficient to support the trial court's finding that Paula did not meet her burden of proof pursuant to Section 161.001(d) and therefore termination was proper pursuant to Section 161.001(b)(1)(O). We overrule Paula's second issue. Because we have found the evidence was sufficient to support the trial court's finding as to this predicate act, we do not address issues one and three.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Neill, and
      Justice Johnson
Affirmed
Opinion delivered and filed April 28, 2021
[CV06]

