# Supreme Court of Texas

No. 21-0360

In the Interest of M.P., a Child

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

**PER CURIAM**

Texas Family Code Section 161.001(b) allows for involuntary termination of parental rights if a court finds by clear and convincing evidence both that a parent engaged in one or more enumerated predicate grounds for termination and that termination is in the best interest of the child. TEX. FAM. CODE § 161.001(b)(1)(A)-(U), (b)(2). Only one predicate ground and a best interest finding are necessary for termination, so "a court need uphold only one termination ground—in addition to upholding a challenged best interest finding—even if the trial court based the termination on more than one ground." *In re N.G.*, 577 S.W.3d 230, 232 (Tex. 2019) (citations omitted). However, due process requires that courts also review termination under Subsections 161.001(b)(1)(D) and (E) even after affirming termination on another ground because of the collateral effects of termination on those grounds. *Id.* at 237. The issue here is whether remand is the proper remedy for a successful factual-sufficiency challenge to (D) and

(E) when termination is otherwise valid on another predicate ground. We conclude it is not.

On June 26, 2018, the Department of Family and Protective Services (Department) received allegations that Mother and Father were physically neglecting then-four-week-old M.P., using drugs, and keeping an unclean and unsafe home. The Department received additional allegations that M.P. had a swollen neck, was lethargic, and had bruising on her head. A worker from the Department visited the home and confirmed that M.P. had bruising on her head. But there were no signs that the bruising was caused by Mother or Father, nor were there signs of an unsafe living environment. Both parents also tested negative for drugs.

The day after the worker's visit, M.P. was admitted to the hospital for severe brain bleeding where she tested positive for cocaine and methamphetamine. The Department drug tested Mother and Father. Both parents' urinalyses were negative; however, Mother's hair follicle tested positive for methamphetamine and amphetamine. Father refused to take a hair-follicle test but admitted to using marijuana and methamphetamine. The Department took emergency custody of M.P., which the trial court blessed, and ultimately placed her with Father's aunt and uncle.

The Department prepared a service plan that in part required Father to schedule and complete a drug-and-alcohol assessment and follow recommendations for treatment; submit to random drug testing; schedule and complete a psychological evaluation; schedule and participate in individual counseling; complete parenting classes; and

2

attend visitations with M.P. as scheduled in the Department's visitation plan. The trial court found that Father understood the plan and ordered him to follow it. Father did not fully comply with the service plan. He failed to submit to drug testing and attend his psychological evaluation appointments, and he had few visits with M.P.

The Department requested termination of both parents' rights. Before trial, Mother signed an affidavit voluntarily relinquishing her parental rights, *see* TEX. FAM. CODE § 161.103, so trial commenced on the termination of Father's rights. Father did not appear for trial but was represented by counsel. The court heard testimony from the case investigator, one of Father's Department caseworkers, a supervisor with the Court Appointed Special Advocates, and Father's aunt.

The trial court terminated Father's rights and named the Department as the sole permanent managing conservator of M.P. The trial court based termination on three predicate grounds— (1) endangerment, (2) failure to comply with the court-ordered family-service plan, and (3) use of a controlled substance in a manner that endangered the health or safety of M.P.—and found that termination was in M.P.'s best interest. *See id.* § 161.001(b)(1)(D), (E), (O), (P), (b)(2).

Father appealed, challenging the legal and factual sufficiency of the evidence supporting the trial court's predicate findings and the appointment of the Department as the sole permanent managing conservator. 618 S.W.3d 88, 93-94 (Tex. App.—Houston [14th Dist.] 2020). The court of appeals affirmed termination under Subsection 161.001(b)(1)(O) for failure to comply with the service plan, and it found that termination was in M.P.'s best interest. *Id.* at 103,

3

109.

Because a predicate ground for termination under Subsection 161.001(b)(1)(M) is prior termination for endangerment under Subsection 161.001(b)(1)(D) or (E), the court of appeals also examined the evidentiary sufficiency of termination for endangerment under (D) and (E). *Id.* at 103 (citing *In re N.G.*, 577 S.W.3d at 237). The court of appeals held that the evidence for termination under both grounds was legally but not factually sufficient. *Id.* at 110-11. As the remedy for the successful factual-sufficiency challenge, the court of appeals remanded the case for a new trial on (D) and (E). *Id.* at 111.

Justice Wise dissented. He would have held that the evidence was factually sufficient to terminate Father's rights under (D) and (E). *Id.* (Wise, J., dissenting). He was also skeptical that *In re N.G.* required factual, rather than just legal, sufficiency review and thus believed remand was unnecessary. *Id.* at 113. He noted that Father's rights would not be affected by any decision on remand and thus remand violated the requirement that there be a live case or controversy. *Id.* Justice Wise called for this Court to, in part, review the majority's "unprecedented course" of remanding the case. *Id.* at 112-13.

The court of appeals denied en banc review. Two justices wrote separately, also calling for us to hear the case to address the remedy of a new trial. Justice Spain noted that the remedy for a successful factual-sufficiency challenge was remand for a new trial but was unsure what the scope of the new trial would be on remand. *Id.* at 114-15 (Spain, J., concurring in denial of en banc review). By contrast, Chief Justice Christopher would have held that the Department got its

4

remedy—termination of Father's parental rights—and thus, the correct disposition is to modify the judgment to reflect termination on solely the affirmed predicate ground. *Id.* at 117 (Christopher, C.J., concurring in denial of en banc review).

Father and the Department cross-petitioned for review in this Court. Both challenge the court of appeals' decision to remand the case for a new trial on factual sufficiency, albeit for different reasons. Father argues that the court of appeals should have also remanded the case on the best interest finding since it partially reversed the trial court on two of the predicate grounds for termination.

The Department, however, contends that any remand was inappropriate and created mootness and delay of permanency issues. The ultimate issue—termination—is already decided, yet permanency for M.P. is stalled indefinitely until after retrial on (D) and (E) and possibly appeal. The Department further argues that remand is improper under Texas Rule of Appellate Procedure 43.2 because that rule provides for remand only upon reversal and, here, the court of appeals affirmed the trial court's ultimate judgment. *See* TEX. R. APP. P. 43.2(d) ("The court of appeals may . . . reverse the trial court's judgment and remand the case for further proceedings . . . .").

We agree that the court of appeals erred in ordering a limited remand. In *In re N.G.*, we held that, because prior termination for endangerment is a predicate ground for a future termination, due process and due course of law require that the court of appeals review the legal and factual sufficiency of the evidence supporting a trial court's order of termination under Subsections 161.001(b)(1)(D) and (E) when

5

challenged on appeal. 577 S.W.3d at 237; *see also In re Z.M.M.*, 577 S.W.3d 541, 543 (Tex. 2019).

Here, the court of appeals determined that there was legally and factually sufficient evidence to support terminating Father's rights under Subsection 161.001(b)(1)(O) but factually insufficient evidence to support termination under (D) and (E). Thus, the proper remedy was to affirm the trial court's termination under (O) and strike the (D) and (E) findings, which would dispose of the case. Other courts of appeals have followed this practice. *See, e.g.*, *In re N.N.M.*, No. 04-19-00369-CV, 2020 WL 4808704, at *4-7 (Tex. App.—San Antonio Aug. 19, 2020, no pet.) ("Because there is no evidence to support the jury's finding under subsection (D), we modify the trial court's order of termination to delete that finding."); *In re L.G.*, No. 06-18-00099-CV, 2020 WL 4229330, at *9 (Tex. App.—Texarkana July 24, 2020, no pet.) ("[W]e modify the trial court's order of termination by striking paragraph 8.2.1, relating to the trial court's finding pursuant to Section 161.001(b)(1)(D) of the Texas Family Code, and by striking paragraph 8.2.2, relating to the trial court's finding pursuant to Section 161.001(b)(1)(E) of the Texas Family Code."); *In re H.J.Y.S.*, No. 10-19-00325-CV, 2019 WL 8071614, at *10 (Tex. App.—Waco Feb. 26, 2019, pet. denied) ("Having found that the evidence was factually insufficient for the jury to have found [endangerment under] Section 161.001(b)(1)(E), we order that the judgment be modified to delete that finding.").

Striking the insufficiently supported findings avoids the mootness issues raised by the Department and the concurrences in the denial of en banc review. As Chief Justice Christopher noted, because

the Department already got its requested relief, "even if on remand the trial court were to again find that Father committed a predicate act under (D) or (E), it could not be the case that Father's rights to M.P. were terminated on those grounds." 618 S.W.3d at 116. Thus, we hold that the court of appeals erred in remanding the case for a new trial on the factually insufficient predicate grounds.

Having corrected the error that divided the en banc court of appeals, we decline to disturb the court of appeals' judgment on the parties' remaining issues, without regard to their merits. Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the Department's petition for review, reverse the part of the court of appeals' judgment remanding the case to the trial court for a new trial, and render judgment striking findings 7.2.1. and 7.2.2. on grounds (D) and (E) from the trial court's final order.

**OPINION DELIVERED:** February 4, 2022

7