

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00121-CV

**IN THE INTEREST OF D.R.T.S.**, a Child

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-PA-02206
Honorable Kimberly Burley, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: June 29, 2022

AFFIRMED

M.S. appeals the trial court's order terminating her parental rights to her child, D.R.T.S. (born 2020).[1] M.S. argues the evidence is legally and factually insufficient to support the trial court's findings under Texas Family Code section 161.001(b)(1)(O). We affirm.

### BACKGROUND

On October 29, 2020, the Texas Department of Family and Protective Services removed D.R.T.S. from M.S.'s care after receiving referrals alleging domestic violence between D.R.T.S.'s parents incidentally injuring D.R.T.S. The Department obtained temporary managing conservatorship over D.R.T.S., placed D.R.T.S. in a foster home, and filed a petition to terminate

---

[1] To protect the privacy of the minor child, we use initials to refer to the child and his biological parents. TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

M.S.'s parental rights. The Department also created a family service plan requiring M.S. to, inter alia, attend individual counsel and complete the following: a parenting course; a psychological evaluation; a domestic violence course for victims; and a drug/alcohol assessment. The Department ultimately pursued termination of M.S.'s parental rights.

On February 11, 2022, the trial court held a one-day bench trial. The trial court heard testimony from two witnesses: (1) the Department's caseworker, Priscilla Sandoval; and (2) M.S. At the conclusion of trial, the court signed an order terminating M.S.'s parental rights pursuant to section 161.001(b)(1)(O) and a finding that termination of M.S.'s parental rights was in the best interests of D.R.T.S. On appeal, M.S. challenges the legal and factual sufficiency of the evidence supporting the trial court's findings under subsection O.

## STANDARD OF REVIEW

The involuntary termination of a natural parent's rights implicates fundamental constitutional rights and "divests the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except for the child's right to inherit from the parent." *In re S.J.R.-Z.*, 537 S.W.3d 677, 683 (Tex. App.—San Antonio 2017, pet. denied) (internal quotation marks omitted). "As a result, appellate courts must strictly scrutinize involuntary termination proceedings in favor of the parent." *Id.* The Department had the burden to prove, by clear and convincing evidence, both that a statutory ground existed to terminate M.S.'s parental rights and that termination was in the best interests of the child. TEX. FAM. CODE § 161.206; *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE § 101.007; *In re S.J.R.-Z.*, 537 S.W.3d at 683.

When reviewing the sufficiency of the evidence supporting a trial court's order of termination, we apply well-established standards of review. *See In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). To determine whether the Department presented clear and convincing evidence, a legal sufficiency review requires us to "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *Id.* at 266. We "assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *In re R.S.-T.*, 522 S.W.3d 92, 98 (Tex. App.—San Antonio 2017, no pet.). "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *In re J.F.C.*, 96 S.W.3d at 266. Nevertheless, "we may not simply disregard undisputed facts that do not support the finding; to do so would not comport with the heightened burden of proof by clear and convincing evidence." *In re S.L.M.*, 513 S.W.3d 746, 748 (Tex. App.—San Antonio 2017, no pet.). If a reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then the evidence is legally sufficient. *Id.* at 747.

In contrast, in conducting a factual sufficiency review, we must review and weigh all the evidence, including the evidence that is contrary to the trial court's findings. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). We consider whether the disputed evidence is such that a reasonable factfinder could not have resolved it in favor of the challenged finding. *In re J.F.C.*, 96 S.W.3d at 266. The evidence is factually insufficient only if "in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction." *Id.*

In both legal and factual sufficiency review, the trial court, as factfinder, is the sole judge of the weight and credibility of the evidence. *In re A.F.*, No. 04-20-00216-CV, 2020 WL 6928390, at *2 (Tex. App.—San Antonio Nov. 25, 2020, no pet.) (mem. op.). We must defer to the

factfinder's resolution of disputed evidentiary issues and cannot substitute our judgment for that of the factfinder. *See, e.g., In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam) (factual sufficiency); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency).

## TERMINATION UNDER SUBSECTION O

In her sole argument on appeal, M.S. challenges the legal and factual sufficiency of the evidence to support the trial court's predicate finding under subsection O. To terminate a parent's parental rights under subsection O, the trial court must find, by clear and convincing evidence, that the parent "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department [] for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child." TEX. FAM. CODE § 161.001(b)(1)(O). "Texas courts have held that substantial compliance is not enough to avoid a termination finding under section 161.001(O)." *In re C.A.*, No. 04-15-00582-CV, 2016 WL 805550, at *5 (Tex. App.—San Antonio Mar. 2, 2016, pet. denied) (mem. op.).

Trial commenced over fourteen months after M.S. executed her service plan. At trial, it was undisputed that the only portion of the service plan M.S. completed was the initial drug assessment. Although the original trial setting was continued to allow M.S. time to complete additional services—including domestic violence classes and parenting classes—M.S. did not do so. M.S.'s completion of domestic violence classes was important because D.R.T.S. had been collaterally injured during prior domestic violence incidences. Additionally, parenting classes were critical because D.R.T.S. faced severe medical issues (including laryngomalacia, chronic lung disease, and two seizure-like episodes during his first year of life), needed intense and frequent medical intervention, and required gastronomy tube feeding.

M.S. argues that she proved based on a preponderance of the evidence that she was unable to comply with specific provisions of the court ordered service plan, made a good faith effort to comply with the plan, and her failure to comply with the service plan was not attributable to her fault. *See* TEX. FAM. CODE § 161.001(d); *see also In re Z.M.M.*, 577 S.W.3d 541, 543 (Tex. 2019). At trial, M.S. asserted that she did not complete her service plan because (1) she was unhappy with her caseworker and (2) the phone numbers on the service plan allegedly did not work.

M.S.'s generalized grievances about her caseworker do not justify her failure to complete services, and the trial court could have believed the caseworker's testimony that she consistently and repeatedly informed M.S. of what she needed to do under the service plan. Moreover, the trial court could have disbelieved M.S.'s claims, such as her claim that the phone numbers on her service plan did not work.[2] *See T.W. v. Tex. Dept. of Family and Prot. Servs.*, 431 S.W.3d 645, 656 (Tex. App.—El Paso, 2014, no pet.) (trial court free to disbelieve some or all of parent's excuses).

On appeal, M.S. asserts the caseworker may have believed M.S. did not understand her English service plan. Although M.S. never directly claims she did not understand the service plan, she implies there would be no need for the caseworker to provide a Spanish version of the service plan if M.S. fully understood the signed English service plan. M.S. argues "if" she did not understand her English family service plan, she did not receive her Spanish family service plan until three weeks before trial, which was a period of time insufficient to complete required services. The caseworker—fluent in both English and Spanish—testified that she broke down the service plan for M.S. in both English and Spanish and provided her word documents "to make it even simpler for her," but that M.S. continued to give excuses for why she was unable to complete the

---

[2] For example, M.S.'s testimony that the numbers on her service plan did not work was inconsistent with her testimony that she called the father's services—some of which are the same numbers listed on her service plan.

plan. The caseworker also testified that she had "spoken to her about her services every time she ha[d] visitation with [D.R.T.S.]." Importantly, M.S. never testified that she did not understand the requirements of the service plan, and the trial court could have believed the caseworker's testimony that M.S. understood the requirements of the service plan.

Based upon our review of the entire record, we conclude the trial court could have reasonably formed a firm belief or conviction about the truth of the Department's allegations. *See In re C.A.*, 2016 WL 805550, at *5. The trial court could have found by clear and convincing evidence that M.S. failed to complete the Department's family service plan. *See id.* We further conclude the trial court could have reasonably rejected M.S.'s assertion that she was unable to comply with specific provisions of the court order, that she made a good faith effort to comply with the order, and that her failure to comply with the order is not attributable to her fault. *See* TEX. FAM. CODE § 151.001(d). We overrule M.S.'s sole issue.

### CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.

Lori I. Valenzuela, Justice