

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00086-CV

## IN THE INTEREST OF E.P., A CHILD

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. DC-D202100288

## MEMORANDUM  OPINION

Kirsten and Nikobe appeal from a judgment that terminated their parental rights to their child, E.P.  *See* TEX. FAM. CODE ANN. §161.001.  Kirsten complains that the evidence was legally and factually insufficient for the trial court to have found that she committed the predicate acts in Section 161.001(b)(1)(D) (endangering environment) and Section 161.001(b)(1)(E) (endangering conduct) and factually insufficient for the trial court to have found that termination was in the best interest of the child.  Nikobe complains that the evidence was legally and factually insufficient for the trial court to have found that he committed the predicate acts in Section 161.001(b)(1)(D) (endangering environment), Section 161.001(b)(1)(E) (endangering conduct), Section 161.001(b)(1)(O) (failure to

complete service plan), and that termination was in the best interest of the child. Because we find no reversible error, we affirm the judgment of the trial court.

## STANDARD OF REVIEW

The standards of review for legal and factual sufficiency in cases involving the termination of parental rights are well established and will not be repeated here. *See In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002) (legal sufficiency); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency); *see also In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009). We give due deference to the factfinder's findings and must not substitute our judgment for that of the factfinder. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). The factfinder is the sole judge "of the credibility of the witnesses and the weight to give their testimony." *Jordan v. Dossey*, 325 S.W.3d 700, 713 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). If the evidence is sufficient as to one ground, it is not necessary to address the other predicate grounds because sufficient evidence as to only one ground is necessary in addition to the best interest finding to affirm a termination judgment. *In re N.G.*, 577 S.W.3d 230, 232-33 (Tex. 2019).

The termination judgment reflects that Kirsten's parental rights were terminated based on three predicate grounds: endangering environment (Subsection (D)); endangering conduct (Subsection (E)); and failure to comply with a court-ordered service plan (Subsection (O)). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O). However, Kirsten's issues on appeal challenge only the endangering environment and endangering

conduct grounds, but not the failure to complete her service plan. By failing to challenge the finding under Subsection (O), Kirsten has waived any complaint about the sufficiency of the evidence to support that finding. *See id*. § 161.001(b) (requiring only one predicate ground to support termination); *In re Z.M.M.*, 577 S.W.3d 541, 542 (Tex. 2019) (per curiam) (stating that "only one ground is required to terminate parental rights"). Because of this, if we determine that the evidence was legally sufficient for the trial court to have found that termination was in the best interest of the child, we will affirm the judgment of termination as to Kirsten.

However, we are also required to consider the sufficiency of the evidence pursuant to Sections 161.001(b)(1)(D) or (E) if challenged even if the termination is proper as to some other section, therefore, we will also address one of those grounds. *In re N.G.*, 577 S.W.3d 230, 235-36 (Tex. 2019). This is because a finding under either section could be used in a subsequent termination of parental rights proceeding. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(M).

### SECTION 161.001(b)(1)(E)

In each of their second issues, Kirsten and Nikobe each argue that the evidence was legally and factually insufficient for the trial court to have found that they committed the predicate act set forth in Section 161.001(b)(1)(E) of the Family Code. Section 161.001(b)(1)(E) allows termination of parental rights if the factfinder finds by clear and convincing evidence that the parent "engaged in conduct or knowingly placed the child

with persons who engaged in conduct which endangers the physical or emotional well-being of the child." TEX. FAM. CODE ANN. § 161.001(b)(1)(E). "Endanger" means "to expose a child to loss or injury, or to jeopardize a child's emotional or mental health." *In re M.C.*, 917 S.W.2d 268, 269 (Tex. 1996) (per curiam). An endangerment finding often involves physical endangerment, but it is not necessary to show that the parent's conduct was directed at the child or that the child suffered actual injury. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). "Rather, the specific danger to the children's well-being may be inferred from the parent's misconduct alone." *Id*. Courts may look to parental conduct occurring before and after the child's birth in this analysis. *In re D.M.*, 58 S.W.3d 801, 812 (Tex. App.—Fort Worth 2001, no pet.). We also may consider conduct both before and after the Department removed the child from her parent in our endangerment analysis pursuant to Section 161.001(b)(1)(E). *In re S.R.*, 452 S.W.3d 351, 360 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). In general, a parent's conduct that subjects a child to a life of uncertainty and instability endangers the physical and emotional well-being of that child. *Boyd*, 727 S.W.2d at 531.

Drug use by a parent may constitute evidence of endangerment pursuant to Section 161.001(b)(1)(E). *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Additionally, "drug use while pregnant endanger[s] [the child] because [the child] was exposed to the possibility of being born with adverse medical conditions." *In re A.N.*, No. 02-22-00036-CV, 2022 Tex. App. LEXIS 3934 (Tex. App.—Fort Worth June 9, 2022, no pet. h.) (*quoting*

*In re M.D.V.*, No. 14-04-00463-CV, 2005 Tex. App. LEXIS 8846, 2005 WL 2787006, at *3 (Tex. App.—Houston [14th Dist.] Oct. 27, 2005, no pet.) (mem. op.) (holding similarly when child was born with marihuana in her system but parent argued that there was no evidence of a resulting medical condition). We will not entertain the premise "that there is some level of drug use while pregnant that is acceptable or harmless to the child." *In the Interest of C.W.*, No. 02-14-00274-CV, 2014 Tex. App. LEXIS 13351, 2014 WL 7139645, at *5 (Tex. App.—Fort Worth Dec. 12, 2014, no pet.) (mem. op.) (affirming Subsection (E) finding and rejecting premise). Further, it is reasonable for the factfinder to infer from a parent's refusal to take a drug test that the parent was using drugs during the proceedings. *See In re E.M.*, 494 S.W.3d 209, 222 (Tex. App.—Waco 2015, pet. denied).

We may also consider the parents' failure to complete their service plan in determining whether their conduct risks endangering the child pursuant to Section 161.01(b)(1)(E). *In re M.R.*, 243 S.W.3d 807, 818 (Tex. App.—Fort Worth 2007, no pet.).

Kirsten argues that the testimony relating to a drug test given to her approximately ten months after the removal of E.P. was hearsay and should not be considered in our analysis. However, the answer to the results of the test to which she cites were never given in the trial after the objection was made, and Kirsten did not object to the other testimony given about her drug use. That testimony included the result that E.P.'s meconium tested positive for marihuana at the hospital after his birth, Kirsten tested positive shortly after E.P.'s birth for marihuana on both a hair and urine test, Kirsten had

previously been involved with the Department with another child who also tested positive for marihuana at birth. Although requested by the department each month after E.P.'s removal, Kirsten did not take a drug test until 10 months after E.P.'s removal. The trial court could have inferred that each of those tests would have been positive. Kirsten was not allowed to have any visitation with E.P. until she provided two negative drug test results, which meant that she had not seen E.P. since his removal approximately a year before the trial.

Nikobe argues that the evidence was insufficient because no documentary evidence was admitted to support the testimony relating to the positive drug tests of E.P. and Kristen. However, he does not cite to any legal authority to support this position, and we are unwilling to make such a requirement. He did not object to the testimony by the investigator relating to the drug tests. In his brief in support of this issue, Nikobe does not mention the unobjected-to testimony of the department's investigator regarding his hair test taken around the time of the removal which was also positive for marihuana and methamphetamines. Nikobe did not take any of the drug tests requested by the department during the pendency of the trial court proceedings, nor was there any evidence that he had made progress on his service plan to address his drug use. The trial court could have inferred that those tests would have been positive. Like Kirsten, Nikobe also did not have any visitation with E.P. during the proceedings because he did not provide two negative drug test results.

Several relatives and friends were named by the parents to be potential supervisors of visitation by Kirsten and Nikobe in an effort to prevent the removal of E.P., however, none were approved by the department. Kirsten's father admitted to recent marihuana use, one friend tested positive for cocaine and marihuana, and another friend or relative refused to be drug tested at all. The lack of an individual willing to take E.P. who was not involved in drugs led to the removal of E.P. by the department when the department found out about E.P.'s positive meconium test result, which was a week after E.P.'s birth and after he had been released by the hospital and one person that had agreed to supervise the contact between E.P. and K.P. had already quit.

Our review of the evidence in light of the appropriate standards of review leads us to conclude that the evidence was legally and factually sufficient for the trial court to have found that Kirsten and Nikobe "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child."[1] *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E). We overrule Kirsten and Nikobe's second issues. Because we have found that the evidence was sufficient as to Section 161.001(b)(1)(E), it is not necessary to address Kirsten's first issue or Nikobe's first or third issues relating to the other predicate acts.

---

[1] We recognize that Section 262.116(7) has been added to the Family Code effective September 1, 2021, which states that the department may not remove a child based on evidence that the parent "tested positive for marihuana, unless the department has evidence that the parent's use of marihuana has caused significant impairment to the child's physical or mental health or emotional development." Added by Acts 2021, 87th Leg., ch.29 (H.B. 2536), §3. However, because this proceeding was filed prior to September 1, 2021, this section does not apply.

**BEST INTEREST**

In Kirsten's third issue, Kirsten complains that the evidence was factually insufficient for the trial court to have found that termination was in the best interest of E.P. In Nikobe's fourth issue, Nikobe complains that the evidence was legally and factually insufficient for the trial court to have found that termination was in E.P.'s best interest. In determining the best interest of a child, a number of factors have been consistently considered which were set out in the Texas Supreme Court's opinion, *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). This list is not exhaustive, but simply indicates factors that have been or could be pertinent in the best interest determination. *Id*. There is no requirement that all of these factors must be proved as a condition precedent to parental termination, and the absence of evidence about some factors does not preclude a factfinder from reasonably forming a strong conviction that termination is in the children's best interest. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Evidence establishing the predicate grounds under section 161.001(b)(1) also may be, and in this proceeding, is relevant to determining the best interest of the children. *See C.H.*, 89 S.W.3d at 27-28.

As to Kirsten, other than a recitation of the *Holley* factors and a recitation of Section 263.307(b) of the Family Code relating to factors to consider in determining whether parents are willing to and can provide a safe environment for a child, Kirsten's entire argument as to best interest states: "Without repeating the individual factors, the

Department has failed to present evidence sufficient to support a finding that termination of Mother's parental rights to E.P. are in the child's best interest."  No facts or other argument is provided.  Citations to the record and legal authorities are required in order to adequately present an issue on appeal.  TEX. R. APP. P. 38.1(i).  We find that this issue is inadequately briefed, and therefore, waived.[2]  *See* TEX. R. APP. P. 38.1(i).  We overrule Kirsten's third issue.

As to Nikobe, his argument as to best interest includes a list of the *Holley* factors and merely complains that "there was a complete lack of evidence that Appellant is unable to care for the [sic] E.P.'s emotional and physical needs" and that "the mere fact that E.P. was in good health at the time of the removal undercuts the State's argument."  Further, he argues that a child should be with his biological parents unless it is proven that it is in the child's best interest not to be and that the State failed to meet the burden of clear and convincing evidence.  He also did not include any citations to the record or other analysis as to best interest.  We also find that this issue was inadequately briefed, and therefore, waived.[3]  *See* TEX. R. APP. P. 38.1(i).  We overrule Nikobe's fourth issue.

---

[2] Even if we did not find that this issue was inadequately briefed, our review of the record would find that the evidence was factually sufficient for the trial court to have found that termination was in the best interest of E.P.  Kirsten's drug use while pregnant, refusal to take subsequent drug tests which reasonably could be inferred would be positive, lack of significant participation in the requirements of her service plan other than counseling and parenting classes, lack of relationship with E.P. due to her choice not to take the drug tests, lack of stability in her home and job, and even her non-attendance at the final hearing or motion for new trial without prior notice to her attorney establish by clear and convincing evidence that it was in the child's best interest to terminate Kirsten's parental rights.

[3] Like Kirsten, even if we did not find that this issue was inadequately briefed, our review of the record would support a finding that the evidence was legally and factually sufficient for the trial court to have found that termination was in the best interest of the child.  Nikobe tested positive for marihuana and

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


                                                    TOM GRAY
                                                    Chief Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed July 27, 2022
[CV06]



---

methamphetamines around the time of E.P.'s removal. Nikobe did not participate in his service plan, did not take the drug tests required to be able to visit with E.P., did not communicate with the department or his attorney, or take any steps other than attending some individual counseling sessions to complete his service plan. Nikobe did not have a stable residence or employment. E.P. was in a foster placement that was interested in adoption if a relative placement in another state was not approved. E.P. had no relationship with Nikobe because of Nikobe's choices, and Nikobe's failure to attend the final hearing or motion for new trial hearing without any explanation further establishes that termination was in E.P.'s best interest.